

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 4, 1974

The Honorable Sam F. Baxter
Assistant Criminal District Attorney
Harrison County
P.O. Box 776
Marshall, Texas 75670

Opinion No. H- 391

Re: May proceeds from sale
of Permanent School Fund land
be paid back to a County to
create a vocational school.

Dear Mr. Baxter:

You ask:

> May the Commissioners Court of Harrison County,
> Texas sell 2, 260 acres of land owned by the Permanent
> School Fund of Harrison County, Texas, such land
> being situated in Runnels County, Texas, if the funds
> received from said sale are paid over to each independent
> school district in Harrison County proportionally accord-
> ing to pupil enrollment.

> May the independent school districts receiving said
> funds pay back said funds to Harrison County to be used
> in the creation of a County-wide vocational school.

Clear Constitutional and statutory power is given to the Commissioners
Count of each county to sell land belonging to the county Permanent School
Fund. Article 7, § 6, Texas Constitution; § § 17. 81, 17. 82(b), Vernon's Texas
Education Code. The express power to sell school land is coupled with
express restrictions on the use of the proceeds of the sale. The Commissioners
Court may <u>invest</u> the proceeds in certain designated bonds pursuant to
Article 7, § 6, of the Constitution and § 17. 82(b) of the Education Code. Or, the
Commissioners Court may <u>distribute</u> the proceeds of the sale pursuant to
Article 7, § 6b of the Texas Constitution:

p. 1834

> . . . any county, acting through the commissioners
> court, may reduce the county permanent school fund
> of that county and may distribute the amount of the
> reduction to the independent and common school
> districts of the county on a per scholastic basis to
> be used solely for the purpose of reducing bonded
> indebtedness of those districts or for making permanent
> improvements . . . .

The distribution must be made "on a per scholastic basis." Based on two Texas Supreme Court decisions, Attorney General Opinion H-47(1973) interpreted "on a per scholastic basis" to mean "on the basis of the number of persons residing in the school district eligible by age for free aducation." Consequently, distribution proportionally according to actual pupil enrollment would not be the correct standard.

Article 7, § 6b of the Constitution is the only vehicle allowing distribution of the corpus of the county Permanent School Fund to the school districts. The funds so distributed may be used by the districts for reducing bonded indebtedness or for making permanent improvements. Distribution is premised upon the restricted use of the funds. The pay-back of said funds to the County would violate the constitutional duty of the school district board of trustees to use the funds solely to reduce bonded indebtedness or to make permanent improvements. There may be ways in which the use of such funds by the school districts for the constitutionally restricted purposes could benefit vocational school programs, but the method suggested cannot be utilized.

## SUMMARY

> The Commissioners Court may sell land
> belonging to the Permanent School Fund and
> distribute the proceeds to the common and
> independent school districts of the county pro-
> portionally according to the number of persons

residing in the districts who are eligible by age
for free public education.  The school districts
may not pay back to the county funds received
pursuant to Article 7,  § 6b,  Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK,  First Assistant

DAVID M. KENDALL,  Chairman
Opinion Committee

lg